1

On petition filed October 25, 1995, for review from Court of Appeals,* petition for review denied March 14, 1996

In the Matter of
Stephanie Darlene Payne, a Child.

STATE ex rel
CHILDREN'S SERVICES DIVISION,
*Petitioner on Review,*

*v.*

Dianna R. PAYNE
and Michael E. Payne,
*Respondents on Review.*

(CC 94-5738; CA A87112 (Control))

In the Matter of
Joshua Michael Payne, a Child.

STATE ex rel
CHILDREN'S SERVICES DIVISION,
*Petitioner on Review,*

*v.*

Dianna R. PAYNE
and Michael E. Payne,
*Respondents on Review.*

(CC 94-5739; CA A87113)

In the Matter of
Matthew Scott Payne, a Child.

STATE ex rel
CHILDREN'S SERVICES DIVISION,
*Petitioner on Review,*

*v.*

Dianna R. PAYNE
and Michael E. Payne,
*Respondents on Review.*

(CC 94-5740; CA A87114)

---

* Appeal from Sherman County Circuit Court, John V. Kelly, Judge. 136 Or App 186, 901 P2d 863 (1995).

In the Matter of
Michael Emerson Payne, a Child.

STATE ex rel
CHILDREN'S SERVICES DIVISION,
*Petitioner on Review,*

*v.*

Dianna R. PAYNE
and Michael E. Payne,
*Respondents on Review.*

(CC 94-5741; CA A87115)
(SC S42704)
(Cases Consolidated)

912 P2d 904

Katherine H. Waldo, Assistant Attorney General, Salem, filed the petition for petitioner on review. With her on the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance *contra.*

MEMORANDUM OPINION

Petition for review denied.

Graber, J., dissented and filed an opinion in which Gillette, J., joined.

**GRABER, J.,** dissenting.

I dissent from the court's denial of review in this case. The opinion of the Court of Appeals contains three erroneous statements of the law that applies to termination of parental rights, statements that demonstrate a failure to appreciate both the overall statutory scheme and its application to this case.

The first fundamental error made by the Court of Appeals is the statement that "abandonment," as that term is used in ORS 419B.508,[1] was a basis for the trial court's decision in this case. *State ex rel CSD v. Payne*, 136 Or App 186, 199, 901 P2d 863 (1995). That simply is not accurate. The judgment of the trial court rested on ORS 419B.504 (unfitness)[2] and ORS 419B.506 (neglect)[3] as alternative and independently sufficient grounds for termination. In describing

---

[1] ORS 419B.508 provides:

"The rights of the parent or parents may be terminated as provided in ORS 419B.500 if the court finds that the parent or parents have abandoned the child or the child was left under circumstances such that the identity of the parent or parents of the child was unknown and could not be ascertained, despite diligent searching, and the parent or parents have not come forward to claim the child within three months following the finding of the child."

[2] ORS 419B.504 provides:

"The rights of the parent or parents may be terminated as provided in ORS 419B.500 if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the foreseeable future due to conduct or conditions not likely to change. In determining such conduct and conditions, the court shall consider but is not limited to the following:

"(1) Emotional illness, mental illness or mental deficiency of the parent of such nature and duration as to render the parent incapable of providing proper care for the child for extended periods of time.

"(2) Conduct toward any child of an abusive, cruel or sexual nature.

"(3) Addictive or habitual use of intoxicating liquors or controlled substances to the extent that parental ability has been substantially impaired.

"(4) Physical neglect of the child.

"(5) Lack of effort of the parent to adjust the circumstances of the parent, conduct, or conditions to make the return of the child possible or failure of the parent to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected."

[3] ORS 419B.506 provides:

"The rights of the parent or parents may be terminated as provided in ORS 419B.500 if the court finds that the parent or parents have failed or neglected

reasons *why* it found that the parents were unfit under the standard established in ORS 419B.504, the trial court stated that "abandonment" of the children was one of six factors considered. In other words, the Court of Appeals analyzed the evidence by reference to a statute that was not relevant.

If the Court of Appeals meant that a parent's "abandonment" of a child cannot be a factor in a trial court's consideration of unfitness under ORS 419B.504 unless the evidence also meets all the requirements of ORS 419B.508, that conclusion is equally incorrect. Each statute (ORS 419B.504, 419B.506, and 419B.508) provides a separate and independently sufficient basis for termination, which should be analyzed separately and on its own terms. ORS 419B.504 allows the trial court to consider any kind of "conduct or condition seriously detrimental to the child," when "integration of the child into the home of the parent or parents is improbable in the foreseeable future due to conduct or conditions not likely to change."

The second fundamental error of the Court of Appeals is the suggestion that the absence of emotional and physical abuse of the children is relevant to a determination under *either* ORS 419B.506 (neglect) — which was properly before the court — *or* ORS 419B.508 (abandonment) — on which the court erroneously relied. *Payne*, 136 Or App at 198-99. The Court of Appeals weighed the absence of emotional and physical abuse in comparison to the parents' failure to visit or otherwise contact the children for extended periods of time[4] — even though the Court of Appeals found, as had the

without reasonable and lawful cause to provide for the basic physical and psychological needs of the child for six months prior to the filing of a petition. In determining such failure or neglect, the court shall consider but it not limited to one or more of the following:

"(1) Failure to provide care or pay a reasonable portion of substitute physical care and maintenance if custody is lodged with others.

"(2) Failure to maintain regular visitation or other contact with the child which was designed and implemented in a plan to reunite the child with the parent.

"(3) Failure to contact or communicate with the child or with the custodian of the child. In making this determination, the court may disregard incidental visitations, communications or contributions."

[4] Mother failed to visit or have any other contact with the children from March 9, 1993, to September 1, 1993, and again from March 10, 1994, to November 10, 1994. Father failed to visit or have any other contact with the children from March 9, 1993, to October 14, 1993, and again from January 27, 1994, to November 16, 1994.

trial court, that the parents' failure to visit or contact the children was detrimental. *Id.* at 198. In view of the statutory definitions of neglect, ORS 419B.506, and abandonment, ORS 419B.508, that kind of weighing is erroneous as a matter of law. Neither of those statutes requires nor suggests that abuse must be shown to justify termination; the absence of abuse has no place in a decision as to their application.

The third fundamental error in the opinion of the Court of Appeals is its treatment of the concept of "reasonable and lawful cause" for neglect or failure to provide for the needs of a child, ORS 419B.506. The Court of Appeals noted that the parents "both resented CSD's involvement from the beginning" and that CSD was sometimes inflexible in scheduling visits. *Payne,* 136 Or App at 197; *see also id.* at 197-98 & n 8 (same). The court also stated that "hostility toward CSD is not an acceptable reason to terminate an individual's parental rights." *Id.* at 198 n 10. The opinion as a whole appears to treat the parents' resentment of CSD, and the *post hoc* view that CSD's requirements were unfair, as "reasonable and lawful cause" for these parents' undeniable neglect and failure to provide for the needs of their children.

If allowed to stand, this opinion suggests that a parent can passively resist compliance with requirements (such as visitation requirements) *lawfully set* by CSD, *seek no modification* in juvenile court of those requirements, and later successfully defend a petition for termination of parental rights on the ground that the requirements were unreasonable or onerous, *despite the absence of other alternative efforts* to maintain a relationship with the children, such as by calls or letters. Such a suggestion is stunningly at odds with the messages that this court has sent in the past. *See State ex rel Juv. Dept. v. Jones,* 290 Or 799, 811-16, 626 P2d 882 (1981) (mother had "reasonable and lawful cause" for failing to provide for the needs of her daughter for the statutory period, then a year, when she suffered from a debilitating illness *and* the juvenile authorities had informed her in writing that she was prohibited from having any contact with the girl); *Eder v. West,* 312 Or 244, 269-70, 821 P2d 400 (1991) (under ORS 109.324, mother's actions, including petitioning the court for modification of court-imposed restrictions on visitation and

use of other available means to contact the children, demonstrated a deliberate, good faith interest in maintaining a parent-child relationship, precluding a finding of wilful neglect). Utter neglect of a child's need for parental contact for six months is not excused under ORS 419B.506 by a parent's unilateral and subjective perceptions about the unfairness of having the state involved in the family or about the unfairness of particular conditions of visitation.

In summary, the Court of Appeals made three fundamental errors of law in analyzing this case. The issues are ones that, regrettably, arise often. For the foregoing reasons, I dissent from the court's denial of the petition for review.

Gillette, J., joins in this dissenting opinion.